# In the United States Court of Federal Claims

No. 20-200
(Filed: 1 June 2020)

| | |
|---|---|
| JESSE ANTOINE PERSON, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

**ORDER**

As summarized in the Court's 18 March 2020 and 8 May 2020 Orders, plaintiff Jesse Antoine Person, who is confined in the Federal Correction Institution, Fort Dix, filed a *pro se* complaint and an Application to Proceed *In Forma Pauperis* on 24 February 2020. Plaintiff used this Court's form to apply to proceed *in forma pauperis*, but failed to attach a signed copy of the required prisoner authorization form and a certified copy of his trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of his complaint, as required by 28 U.S.C. § 1915(a)(2). In light of this deficiency, the Court denied plaintiff's application to proceed *in forma pauperis* and ordered plaintiff to either (1) pay the $400.00 filing and administrative fees; or (2) file a complete application to proceed *in forma pauperis* in compliance with 28 U.S.C. § 1915(a)(2) on or before 17 April 2020.[1]

On 8 May 2020, after not receiving any filings or payment from plaintiff, the Court provided plaintiff an additional 14 days to comply with its 18 March Order. The 8 May Order stated, "[i]f plaintiff fails to respond by 22 May 2020, the Court will have no choice but to dismiss plaintiff's complaint for failure to comply with a court order and failure to prosecute

---

[1] Other federal courts have similarly denied prisoners' *in forma pauperis* applications where they failed to submit a certified copy of prisoner trust fund account statements. *See Ochoa-Gonzalez v. Unknown Martinez*, No. 14–2053, at 2 (D. Ariz. Jan. 28, 2015) (order denying plaintiff's Application to Proceed *In Forma Pauperis* where plaintiff failed to submit a certified trust account statement); *see also Mendiola v. United States*, 124 Fed. Cl. 684, 689 (2016) (Court of Federal Claims dismissing complaint for lack of subject-matter jurisdiction, denying application to proceed *in forma pauperis* where plaintiff failed to submit a certified trust account statement, and requiring plaintiff to pay filing fee in full); *Farnsworth v. United States*, 106 Fed. Cl. 513, 517 (2012) (denying plaintiff *in forma pauperis* status because he "failed to attach a certified copy of his prison trust fund account statement, as required by 28 U.S.C. § 1915(a)(2)"); *Johnson v. United States*, 82 Fed. Cl. 150, 152–53 (2008) ("[B]ecause [plaintiff] failed to submit [a certified copy of the trust fund account statement], he cannot be permitted to take advantage of the benefits of the *in forma pauperis* procedures.").

pursuant to RCFC 41(b)." Order at 2, ECF No. 9. To date, plaintiff has not submitted or filed documents of any sort with this Court since filing his complaint on 25 February 2020. In the interim, on 24 April 2020, the government filed a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Plaintiff's response to the government's motion to dismiss was due 22 May 2020.

When a party fails to comply with court orders, dismissal is not only appropriate, but also required to properly administer justice. "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently . . . ." *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986)). Furthermore, RCFC 41(b) provides, "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion." As *pro se* plaintiffs are, by their nature, unassisted, however, this Court may sometimes grant a *pro se* plaintiff greater lenience in the filing process. In keeping with this permissive leniency, the Court allowed plaintiff to either pay the $400.00 filing and administrative fees or file a complete application to proceed *in forma pauperis* with a signed copy of the required prisoner authorization form and certified six-month trust account statement, as required by 28 U.S.C. § 1915(a)(2) by 17 April 2020. When plaintiff did not comply by 17 April, the Court provided plaintiff additional time to comply.

Plaintiff failed to comply with the Court's 18 March and 8 May Orders. The Court therefore has no choice but to **DISMISS** plaintiff's case without prejudice for failure to prosecute and failure to comply with Court order, pursuant to RCFC 41(b). The government's motion to dismiss is therefore **DENIED** as **MOOT**. The Clerk is directed to enter judgment consistent with this order.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge